

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **EDGAR ANTONIO QUINONEZ-SALAZAR,** <br><br> a/k/a "Silverio Silva Pacheco," <br> a/k/a "Silverio Silva," <br> a/k/a "Pacheco," <br> a/k/a "Pablo," <br> a/k/a "The Mexican Boss" | **AFFIDAVIT IN SUPPORT OF REQUEST FOR EXTRADITION** <br><br> Number 3:16CR67 |

I, Erik S. Siebert, being duly sworn, hereby depose and state:

1. I am a citizen of the United States and a resident of the Commonwealth of Virginia.

2. In May 2009, I received a Juris Doctor degree from the University of Richmond School of Law. I was admitted to the bar of the state of Virginia in October 2009.

3. From 2010 to the present, I have been employed as an Assistant United States Attorney in the United States Attorney's Office for the Eastern District of Virginia. My duties include the prosecution of persons charged with violations of the criminal laws of the United States. Based on my training and experience I have become familiar with the criminal laws and procedures of the United States.

4. I am currently assigned to the Narcotics/Violent Crimes Section in the Criminal Division of the United States Attorney's Office for the Eastern District of Virginia. I am, therefore, particularly knowledgeable in the area of law relating to violations of the federal narcotics statutes, including Title 21, United States Code, Section 963 (conspiracy to import

controlled substances into the United States), and Title 21, United States Code, Section 959(a) (distribution of controlled substances with intent to unlawfully import into the United States).

5. In the course of my official duties, I have become familiar with the charges and evidence in the case against Edgar Antonio Quinonez Salazar, a/k/a "Edgar Antonio Quinonez-Salazar," a/k/a "Edgar Antonio Quinonez Salazar," a/k/a "Silverio Silva Pacheco," a/k/a "Silverio Silva," a/k/a "Pacheco," a/k/a "Pablo," a/k/a "The Mexican Boss" (Quinonez), in the case entitled United States of America v. Edgar Antonio Quinonez-Salazar, a/k/a "Silverio Silva Pacheco," a/k/a "Silverio Silva," a/k/a "Pacheco," a/k/a "Pablo," a/k/a "The Mexican Boss," Number 3:16CR67 (also referred to as Case Number 3:16cr67), which arose out of an investigation into a conspiracy to import cocaine into the United States in 2016.

6. Please note that the grand jury indicted Quinonez under the name of "Edgar Antonio Quinonez-Salazar" rather than his correct name of Edgar Antonio Quinonez Salazar. This does not affect the validity of the indictment under United States law or the request for extradition. Likewise, the fact that the warrant for the arrest of Quinonez was issued under the name "Edgar Antonio Quinonez-Salazar" does not affect the validity of the warrant and it remains in force and executable. Under United States law, the fugitive's name can be corrected in those documents at any time, including after his extradition to the United States.

## I. The Grand Jury Process

7. Under the laws of the United States, a criminal prosecution may be commenced by a grand jury on its own decision to approve and file an indictment with the Clerk of the United States District Court. A grand jury is an independent investigatory body, empaneled by the court,

composed of at least 16 people whom the United States District Court selects at random from the residents of the Eastern District of Virginia.

8. The purpose of the grand jury is to view the evidence of crimes presented to it by U.S. law enforcement authorities. After independently viewing this evidence, each member of the grand jury must determine if there is probable cause to believe that a crime has been committed, and that the particular defendant committed the crime. A grand jury approves and files an indictment when at least 12 grand jurors have voted in favor of an indictment. An indictment is a formal document that charges the defendant with a crime or crimes, describes the specific laws that the defendant is accused of violating, and describes the acts of the defendant that are alleged to be violations of the law. After the grand jury approves and files the indictment, a warrant for the defendant's arrest is issued by a United States district or magistrate judge. A grand jury may also approve and file one or more superseding indictments, each one of which amends the accusations in the previous indictment or superseding indictment. In such a case, the superseding indictment generally takes the place of the previous indictment. If the grand jury approves and files a superseding indictment alleging some or all of the same charges as those contained in a previous indictment or superseding indictment against a defendant, a federal judge may, but is not required to, issue a new arrest warrant for that defendant based upon the new superseding indictment.

## II. The Charges and Pertinent United States Law

9. On June 21, 2016, a federal grand jury, sitting in the Eastern District of Virginia, approved and filed a superseding indictment charging Quinonez with conspiracy to distribute five kilograms or more of cocaine, knowing and intending that it would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 963, 959 (a), and 960

(**Count One**). Cocaine is a controlled substance pursuant to Title 21, United States Code, Section 812. The superseding indictment also contains a forfeiture allegation, citing Title 21, United States Code, Sections 853 and 970. Quinonez has not been previously prosecuted or convicted for any of the offenses for which extradition is sought, nor has he been ordered to serve any sentence for any of the offenses subject to this request.

10. The portions of the statutes that are relevant to this case are annexed to this affidavit as **Exhibit A**. Each of those statutes was duly enacted and in force at the time the offenses were committed and at the time the superseding indictment was filed. They remain in full force and effect. A violation of any of those statutes constitutes a felony under the laws of the United States.

11. I have also included as part of **Exhibit A** the true and accurate text of Title 18, United States Code, Section 3282, which is the statute of limitations for the crimes charged in the superseding indictment. The statute of limitations requires that a defendant be formally charged within five years of the date on which the offense or offenses were committed. Once an indictment or superseding indictment has been filed in a federal district court, as with the charges against Quinonez, the statute of limitations is tolled and no longer runs. The reason for this is to prevent a criminal from escaping justice by simply hiding out and remaining a fugitive for a long period of time.

12. I have thoroughly reviewed the applicable statute of limitations. Since the applicable statute of limitations is five years, and the superseding indictment, which charges criminal violations occurring from June 2015 through June 21, 2016, was filed on June 21, 2016, Quinonez was formally charged within the prescribed five-year time period. The prosecution of the charges in this case is, therefore, not barred by the statute of limitations.

13. On June 21, 2016, the United States District Court for the Eastern District of Virginia issued a warrant for the arrest of Quinonez for the offenses charged in the superseding indictment. The arrest warrant remains valid and executable.

14. It is the practice of the United States District Court for the Eastern District of Virginia to retain the original superseding indictment and arrest warrant, and to file them with the Clerk of the Court. I have, therefore, obtained certified true and accurate copies of the superseding indictment and arrest warrant from the Clerk of the Court, and have attached them to this affidavit as **Exhibits B** and **C**, respectively.

15. Quinonez is charged in Count One of the superseding indictment with knowingly and intentionally conspiring to distribute five kilograms or more of cocaine for the purpose of unlawful importation into the United States from a place outside of the United States. Under U.S. law, a conspiracy is simply an agreement to violate another criminal statute -- in the case of Count One of the superseding indictment, the law prohibiting the distribution of controlled substances for the purpose of unlawful importation into the United States. Under U.S. law, in other words, the act of combining and agreeing with one or more persons to violate a law of the United States is a crime in and of itself. Such an agreement need not be formal, and may be simply an oral understanding. A conspiracy is deemed to be a partnership for criminal purposes, in which each member or participant becomes the agent or partner of every other member. A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other conspirators. If a defendant has an understanding of the unlawful nature of a plan, and knowingly and willfully joins in that plan on at least one occasion, that is sufficient to convict him of conspiracy, even if he had not participated before and even if he played only a minor part.

16. In order to convict Quinonez of the offense charged in Count One of the superseding indictment, the United States must prove at trial that Quinonez came to an agreement with one or more persons to accomplish a common and unlawful plan, and that he knowingly and willfully became a member of such conspiracy. The maximum penalty for a violation of this offense is life imprisonment, supervised release for life, and $10,000,000 in fines.

17. The United States will prove its case against Quinonez through various types of evidence, including evidence of lawfully intercepted telephone and electronic communications, travel records, and witness testimony. All of the defendant's criminal conduct alleged in the indictment occurred after December 17, 1997.

### III. Summary of the Facts of the Case

18. Attached as **Exhibit D** is the affidavit of Drug Enforcement Administration Special Agent Patrick Flood, providing additional information on the activities and identification of Quinonez.

19. I have reviewed the affidavit of Drug Enforcement Administration Special Agent Patrick Flood and the evidence in this case. I attest that the evidence indicates that Edgar Antonio Quinonez-Salazar is guilty of the offenses for which extradition is sought.

ERIK S. SIEBERT
ASSISTANT UNITED STATES ATTORNEY

SWORN AND SUBSCRIBED BEFORE
ME THIS _29th_ DAY OF
_September_, 2016.

/S/ David J. Novak
United States Magistrate Judge

DAVID J. NOVAK
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF VIRGINIA